IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK RIGGS, et al., | : | |
|     Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FORD DOWNES, | : | No. 15-6693 |
|     Defendant. | : | |

### MEMORANDUM

Schiller, J.                                                                                                                     August 22, 2018

Mark Riggs and Erin Dougherty sued Ford Downes for assault and battery. After a lengthy discovery period, Plaintiffs amended their complaint to add claims against Capano Homes, Inc., allegedly Downes' employer. Capano Homes moved to dismiss the claims against it. For the reasons discussed below, the Court grants the motion.

### I.     BACKGROUND

#### A.     Facts

Late at night on July 19–20, 2014, Riggs and Downes were at a bar in South Philadelphia. (Am. Compl. ¶ 9.) Downes had arrived at the bar, drunk, around 11:30 PM. (*Id.* ¶ 13.) He joined Riggs, Riggs' wife Erin Dougherty, and several mutual friends at the bar. (*Id.* ¶ 12.) After spending some time at the bar, the group—excluding Dougherty—left the bar and headed to a strip club called Show-N-Tel. (*Id.* ¶ 13.)

Throughout the evening, Downes repeatedly asked Riggs whether he could help Downes obtain an $11 million construction loan from Citizens Bank, where Riggs was the head of student loan marketing. (*Id.* ¶¶ 10, 14.) Plaintiffs claim Downes was seeking the loan for a construction project for his wife's company, Capano Homes, Inc. (*Id.* ¶ 14.) Riggs repeatedly reminded

Downes that he worked in student loans only and could not help. (*Id.* ¶ 15.) Downes was not happy with this answer. He grew angry with Riggs, and eventually became so aggressive that a Show-N-Tel bouncer had to intervene. (*Id.* ¶ 16.)

Around 2 AM, the wolfpack[1] left the strip club and drove toward Riggs' house. (*Id.* ¶ 17.) It was during the car ride that the conflict between Riggs and Downes reached its crescendo. Downes, who was sitting next to Riggs in the back seat, ordered the friend driving the car to stop. (*Id.* ¶ 19.) When the car was stopped, Downes opened the rear door, got out of the car, and dragged Riggs out of the car. (*Id.* ¶ 20.) Downes threw Riggs onto the hood of a nearby parked car. (*Id.*) He then physically attacked Riggs. (*Id.* ¶ 21.) Downes broke Riggs' patella, "severed the flesh from [his] toe," and caused various other injuries. (*Id.* ¶ 22.)

### B. Procedural History

Riggs and Dougherty sued Downes in December 2015. After an initial scheduling conference on July 13, 2016, the parties proceeded—albeit slowly—with discovery. Finally, in February 2018, Plaintiffs moved to amend the Complaint to join Capano Homes as a defendant. Plaintiffs claim that Downes was pressuring Riggs for a loan as part of his alleged employment with Capano Homes. The Court allowed Plaintiffs to add Capano Homes as a defendant.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). To survive a motion to dismiss, a complaint

---

[1] *See The Hangover* (Warner Bros. Pictures 2009).

must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the federal rules do "not impose a probability requirement at the pleading stage," a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the court can infer only "the mere possibility of misconduct," the complaint must be dismissed because it has failed to show that the plaintiff is entitled to relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). When ruling on a motion to dismiss, the court must consider not only the allegations in the complaint itself, but also "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### III. DISCUSSION

Capano Homes argues that Plaintiffs' claims against it are barred by Pennsylvania's statute of limitations for negligence claims. In the Third Circuit, a statute of limitations defense may be raised in a motion to dismiss "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation marks removed). Pennsylvania has a two-year statute of limitations for negligence claims. 42 Pa. Cons. Stat. § 5524.

Plaintiffs amended their Complaint to include claims against Capano Homes more than three years after the company's alleged negligence. However, Plaintiffs argue that the

amendment should be deemed to relate back to the date of the original Complaint. Under Rule 15(c)(1)(C), an amended complaint that adds a new party can relate back to the original complaint, but only if certain prerequisites are met. The new claims must "ar[i]se out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In addition, the plaintiff must show that "within 90 days after the [original] complaint [was] filed," Fed. R. Civ. P. 4(m), the newly added party "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

"[T]he touchstone for relation back is fair notice." *Glover v. FDIC*, 698 F.3d 139, 146 (3d Cir. 2012). Here, Plaintiffs argue that Capano Homes had fair notice under Rule 15(c)(1)(C) based on a letter sent by Plaintiffs' counsel to Downes in November 2014, (the "Corcoran letter"), over a year before the lawsuit was filed in December 2015. (Pls.' Resp. to Def.'s Mot. to Dismiss [Pls.' Resp.] Ex. B.) Downes is married to Marie Downes, whom Plaintiffs allege operates Capano Homes. (Am. Compl. ¶ 36.) Plaintiffs argue that Marie Downes had notice of the lawsuit through the Corcoran letter, and that Capano Homes therefore had notice of both the lawsuit and its potential liability because Marie Downes, its principal, had notice. (Pls.' Resp. at 6–7.)

There are two significant problems with this argument. First, as noted, the Corcoran letter was sent a year before the lawsuit was filed. This does not constitute notice of the action "within 90 days after the complaint [was] filed." Fed. R. Civ. P. 15(c)(1)(C)(i); 4(m). Even if the period established by Rule 4(m) encompassed a range of time extending before the filing of a

complaint, it would be unfair to hold that a letter sent a year before the filing of a lawsuit provided notice of the lawsuit to a third party.

Aside from the problem with the timing of the Corcoran letter, the letter itself was sent not to Marie Downes but to Defendant Ford Downes. Plaintiffs claim that Marie Downes received the letter and "had her own counsel . . . respond" to it. (Pls.' Resp. at 6.) However, the response letter itself, which was sent from Nicholas Nastasi to Plaintiffs' counsel, (the "Nastasi letter"), contradicts this claim. (*See* Pls.' Resp. Ex. C.) In that letter, Nastasi claims to represent Ford Downes, not Marie Downes. The letter even includes a reference to "Mr. Downes' wife," yet never asserts that Nastasi represents Ms. Downes. (*See id.*) Because of this contradiction, the Court does not accept Plaintiffs' claim that Ms. Downes received the letter.

Based on Plaintiffs' allegations and the Corcoran and Nastasi letters, the Court cannot conclude that either Ms. Downes or Capano Homes had notice of the lawsuit sufficient for Rule 15(c)(1)(C). Therefore, the Amended Complaint does not relate back. Since the Amended Complaint was filed more than two years after the alleged negligence, Plaintiffs' claims against Capano Homes are barred by the statute of limitations. *See* 42 Pa. Cons. Stat. § 5524.

The Court need not reach the question of whether Plaintiffs have plausibly alleged that Downes was seeking the loan in the scope of his purported employment with Capano Homes.

## IV.     CONCLUSION

For the reasons discussed above, Capano Homes' motion to dismiss is granted. An Order consistent with this Memorandum will be docketed separately.